JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLOR KEITH REED,<br><br>             Plaintiff,<br><br>      v.<br><br>GENERAL MOTORS LLC, *et al.*,<br><br>             Defendants. | Case No. 2:25-cv-06995-FLA (SSCx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND REQUEST FOR ATTORNEY'S FEES AND COSTS [DKT. 15]** |

**<u>RULING</u>**

Before the court is Plaintiff Taylor Keith Reed's ("Plaintiff") Motion to Remand ("Motion") this action to the Los Angeles County Superior Court. Dkt. 15 ("Mot."). Plaintiff also requests attorney's fees and costs of $2,812.50, incurred because of Defendant General Motors LLC's ("Defendant") allegedly untimely removal. *Id.* at 11–12.[1] On October 2, 2025, the court found this matter appropriate for resolution without oral argument and vacated the October 3, 2025 hearing on the Motion. Dkt. 19; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15.

For the reasons set forth herein, the court GRANTS Plaintiff's Motion and REMANDS this action to the Los Angeles County Superior Court. The court also GRANTS Plaintiff's request for attorney's fees and costs, and AWARDS Plaintiff $2,137.50.

**<u>BACKGROUND</u>**

Plaintiff filed his Complaint in this action on March 18, 2025, in the Los Angeles County Superior Court, Case No. 25STCV07768, alleging violations of the Song-Beverly Consumer Warranty Act ("Song-Beverly Act," Cal. Civ. Code § 1793.2) and the Magnuson-Moss Warranty Act (15 U.S.C. §§ 2301–2312), as well as breach of the implied warranty of merchantability (Cal. Civ. Code §§ 1791.1, 1794), relating to his purchase of a 2019 Chevrolet Camaro (the "Vehicle") from Defendant. Dkt. 1-1 ("Compl.")[2] ¶¶ 6–44. Plaintiff served the Complaint on Defendant on March 24, 2025. Dkt. 15-1 at 6.

Defendant answered Plaintiff's Complaint on May 6, 2025. Dkt. 1-2 at 2–9; Dkt. 1 at 2. Defendant removed the action to this court on July 30, 2025, more than four months after service of the Complaint, alleging it had "conducted a preliminary

---

[1] The court cites documents by the page numbers added by the court's CM/ECF System, rather than any page numbers included natively.

[2] Citations to the Complaint refer to pages 11 through 18 of Dkt. 1-1.

2

investigation and determined that Plaintiff's citizenship and the reasonable, non-speculative estimation of the amount in controversy placed at issue through Plaintiff's allegations plausibly give rise to subject matter jurisdiction." *Id.*

Plaintiff filed the subject Motion on August 29, 2025, arguing, *inter alia*, that Defendant failed to comply with 28 U.S.C. § 1446(1)(b)(3)'s ("Section 1446") thirty-day window to remove an action to federal court. Mot. at 7–11. Plaintiff also seeks attorney's fees and costs associated with remanding this action. *Id.* at 11–12. Defendant filed an opposition ("Opposition") on September 12, 2025. Dkt. 16 ("Opp'n").

**DISCUSSION**

**I.   Legal Standard**

Federal courts are courts of "limited jurisdiction," possessing only "power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. Federal courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). "Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Most commonly, federal courts have subject matter jurisdiction where: (1) an action arises under federal law (federal question jurisdiction), 28 U.S.C. § 1331; or (2) the amount in controversy exceeds $75,000, exclusive of interest and costs, and the citizenship of each plaintiff is diverse from that of each defendant (diversity jurisdiction), 28 U.S.C. § 1332(a). Except as otherwise provided by an act of Congress expressly, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed by the defendant or the defendants" to the district court for the district and division where the action is pending. 28 U.S.C. § 1441.

However, pursuant to Section 1446(b)(1), a notice of removal must be filed within thirty days after a defendant receives the initial pleading or summons. Section 1446 is strictly construed against removal. If removability is not apparent from the initial pleading, the thirty-day removal period accrues "thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). "If a notice of removal is filed after this thirty-day window, it is untimely and remand to state court is therefore appropriate." *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007).

A defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). "[W]hen the plaintiff contests, or the court questions, the defendant's allegation," "both sides [must] submit proof," at which point "the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88–89. Courts "strictly construe the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*

## II.    Analysis

Plaintiff argues remand is appropriate because Defendant failed to remove the action timely. Mot. at 7–11. The court agrees. Plaintiff served the Complaint on March 24, 2025, Dkt. 1 at 2, Dkt. 15-1 at 6, and Defendant did not file its Notice of Removal until July 30, 2025—more than four months later and well outside Section 1446's thirty-day window for removal. *Compare* Dkt. 15-1 at 6, *with* Dkts. 1-1, 1-2. Defendant argues removal was timely because the Complaint did not establish the $75,000 amount in controversy unequivocally. Opp'n at 16–19.

Although the Complaint does not contain a clearly stated amount in controversy, *see generally*, Compl., Defendant provides no explanation for why it took 128 days (from March 24, 2025—when Plaintiff served the Complaint, Dkt. 15-1 at 6—to July 30, 2025—when this action was removed, Dkt. 1) to determine the value of the vehicle (for which a VIN number is included in the Complaint, Compl. ¶ 6) or any potential penalties or attorney's fees and costs Defendant seeks to include in calculating the amount in controversy, *see generally*, Dkt. 1, Opp'n.[3] Plaintiff makes precisely this argument in his Motion, and Defendant's Opposition is noticeably silent on any explanation for the delay in determining federal jurisdiction. Mot. at 7–11; *see generally*, Opp'n.

Defendant also argues Plaintiff's citizenship could not be determined from the Complaint, thereby extending the period of removability. Opp'n at 20. The Complaint states Plaintiff "is, and at all times relevant herein was, a resident of Woodland Hills, California." Compl. ¶ 2. Defendant's reliance on Plaintiff's use of the term "resident," rather than "citizen," to claim indeterminate citizenship is unavailing. Opp'n at 21. Defendant's Notice of Removal further states Defendant's "preliminary investigation also concluded that Plaintiff resided in California when he purchased the subject vehicle, and on other occasions, establishing a plausible basis for intent to remain in California thus providing a plausible basis for citizenship." Dkt. 1 at 3. Defendant does not explain the nature of its "investigation" or why it could not have determined any earlier that Plaintiff was a citizen of California given that "Plaintiff resided in California when he purchased the subject vehicle[.]" *Id.*

/ / /

---

[3] Defendant argues the January 1, 2025 Song-Beverly Act amendments "expanded the formula for actual damages" to include "negative equity …, manufacturer's rebate[s] …, any third party sold optional equipment …, and unpaid financing." Opp'n at 21. Defendant, however, fails to identify how this new formula prevented its determination of removability within thirty days of service of the Complaint. *See generally*, Opp'n.

The evidence before the court creates clear "doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. Defendant had sufficient information to determine removability within thirty days after it received service of the Complaint on March 24, 2025. Dkt. 15-1 at 6. Defendant missed the April 23, 2025 removal deadline by 98 days. Accordingly, the court GRANTS Plaintiff's Motion and REMANDS the action to the Los Angeles County Superior Court.

## III.  Attorney's Fees

When remanding a case, a court may, in its discretion, "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c); *see also Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015). Typically, a court may only award fees and costs when "the removing party lacked an objectively reasonable basis for seeking removal." *Jordan*, 781 F.3d at 1184 (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). Courts in the Ninth Circuit apply "an objectively reasonable standard by looking to the clarity of the law at the time of removal." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066 (9th Cir. 2008) (citing *Martin*, 546 U.S. at 141).

Attorney's fees are warranted here. Defendant provides no evidence to support its contention that the amount in controversy requirement is met, or that Defendant had any evidentiary support to support removal. *See generally*, Dkt. 1; Opp'n. While not all remands should result in attorney's fees, Opp'n at 25, Defendant provides no support that there was an "objectively reasonable basis for seeking removal," *Jordan*, 781 F.3d at 1184.

Plaintiff's Motion includes a declaration from his counsel, Michelle Yang ("Yang"), attesting to her hourly rate and hours preparing and drafting the Motion. Dkt. 15-1 ¶¶ 11–12. Yang spent 6.25 hours on the Motion, and requests a billing rate of $450 an hour. *Id.* Defendant does not contest the merits of Yang's lodestar submission. Opp'n at 25–26. However, Yang billed 1.5 hours as "[a]nticipated time to review, prepare for, and attend the hearing regarding Plaintiff's Motion." Dkt. 15-1

6

¶ 11. The court vacated the hearing on this matter and will not award attorney's fees for a hearing which did not take place. Dkt. 19. Accordingly, the court GRANTS Plaintiff's request for attorney's fees and costs, and AWARDS Plaintiff $2,137.50 (4.75 hours x $450) against Defendant and its counsel, jointly and severally.

### CONCLUSION

The court, having considered Plaintiff's Motion and finding good cause therefor, hereby GRANTS the Motion and ORDERS as follows:

1. The action is REMANDED to the Los Angeles County Superior Court, Case No. 25STCV07768.

2. All dates and deadlines in the action are VACATED.

3. The clerk of the court shall close the action administratively.

4. Plaintiff's request for attorney's fees and costs is GRANTED, and the court AWARDS Plaintiff $2,137.50 in attorney's fees and costs against Defendant and its counsel, jointly and severally. Defendant and its counsel are ORDERED to pay Plaintiff within fifteen (15) days of this Order.

IT IS SO ORDERED.

Dated: February 13, 2026

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge

7